# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENGINEER.AI CORPORATION d/b/a BUILDER.AI, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>APPY PIE LLC, a Virginia company, and APPY PIE LLP, an India company,<br><br>Defendants. | Case No. 2:22-cv-05376-SPG-JEM<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS AND SPECIAL MOTIONS TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF Nos. 16, 18, 19]** |

Before the Court is: (1) Defendant Appy Pie LLP's ("LLP") Special Motion to Strike and for Award of Mandatory Attorney's Fees and Costs pursuant to California Code of Civil Procedure 425.16 ("LLP's Special Motion to Strike"), (ECF No. 16); (2) Defendant Appy Pie LLC's ("LLC" and, collectively with LLP, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("LLC's Motion to Dismiss"), (ECF No. 18); and (3) LLC's Special Motion to Strike Plaintiff's FAC Pursuant to California Code of Civil Procedure Section 425.16 ("LLC's Special Motion to Strike"), (ECF No. 19). Having considered the parties' submissions, the relevant law, and the record in this case, the Court found pursuant to Federal Rule of Civil Procedure 78(b) and Central District of California Local Rule 7-15

that the matter is suitable for resolution without oral argument. For reasons stated below, the Court GRANTS, IN PART, and DENIES, IN PART, Defendants' motions.

# I. BACKGROUND

## A. Factual Background

The First Amended Complaint ("FAC") alleges the following facts. Plaintiff is a Delaware corporation having its principal place of business in Utah. (ECF No. 9 ¶ 4 ("FAC")). Plaintiff and its affiliates have for many years advertised their "services in good standing,"[1] including via competitor bidding in Google Ads. (*Id.* ¶ 7). Defendant LLP is a foreign company having its principal place of business in India. (*Id.* ¶ 6). Defendant LLC is a limited liability company with its principal place of business in Hampton, Virginia. (*Id.* ¶ 5).

In or around 2022, LLP sued Plaintiff and several of Plaintiff's affiliate entities in India for trademark infringement related to Plaintiff's use of several key words on Google, including LLP's "APPY PIE" trademark (the "India Action"). *See* (*id.* ¶ 8). On July 20, 2022, the Honorable High Court of Delhi issued an injunction against Plaintiff, ordering Plaintiff to cease using "APPY PIE" "or other identical/similar key words for the purpose of its advertising within the territory of India." *See* (*id.*). On July 26, 2022, the High Court of Delhi sent Plaintiff a subsequent notice, concluding that Plaintiff had failed to comply with the High Court's order and, thus, had engaged in conduct that was "contemptuous." (*Id.*). The High Court of Delhi again ordered Plaintiff to "withdraw all such advertisement campaigns which impinge upon the registered trademark APPY PIE and further comply with" the High Court's previous order. (*Id.*).

Based, in part, on the India Action, Plaintiff alleges that LLP "misuse[d] the courts of India . . . which [is] at odds with Google's advertising policies and longstanding practice," and further alleges that this has "caused reputation and monetary damage to Plaintiff." (*Id.* ¶ 10). Plaintiff also alleges that, in the United States, Defendants infringe Plaintiff's own trademarks. (*Id.* ¶ 11). In particular, Plaintiff accuses Defendants of

[1] The FAC does not allege the nature of the services Plaintiff provides or advertises.

infringing Plaintiff's trademarks related to BUILDER (U.S. Trademark Application Ser. Nos. 97303793 and 97339130), BUILDER.AI (U.S. Trademark Application Ser. Nos. 97303814 and 97339051), BUILDER CLOUD (U.S. Trademark Application Ser. No. 97339088), BUILDER NOW (U.S. Trademark Application Ser. No. 97339103), and BUILDER STUDIO STORE (U.S. Trademark Application Ser. No. 97343132). (*Id.*). Plaintiff alleges that Defendants' trademark infringement occurs "in many ways." (*Id.* ¶ 12). In particular, Plaintiff alleges that Defendants use "identical and/or confusingly similar marks for their business, products and services, including but not limited to Defendants using these trademarks (or portions thereof) to direct consumers from Plaintiff as an intended Internet search result, to Defendants as a result of consumer confusion." (*Id.* ¶ 17). Plaintiff also alleges that Defendants' allegedly infringing products are sold "in the same narrow markets and marketing channels as those of Plaintiff." (*Id.* ¶ 18). Plaintiff attaches as Exhibit A to the FAC what Plaintiff describes as "a collection of examples showing Defendants' unauthorized and infringing usage of Plaintiff's trademarks," including screenshots of Google and LinkedIn web pages where "Appy Pie" appears to be advertising "Builder Now," "Builder Studio," and "Builder.ai." *See* (*id.* ¶ 19, Ex. A; ECF No. 9-1).

**B. Procedural History**

On August 2, 2022, Plaintiff filed a complaint against Defendants. (ECF No. 1). On September 13, 2022, Plaintiff filed the instant FAC. (FAC). The FAC asserts the following seven causes of action (1) Trademark Infringement, (*id.* ¶¶ 13–24); (2) Business Disparagement, (*id.* ¶¶ 25–32); (3) Intentional Interference With Contractual Relations, (*id.* ¶¶ 33–42); (4) Intentional Interference With Prospective Advantage, (*id.* ¶¶ 42–50); (5) Trademark Misuse, (*id.* ¶¶ 51–56); (6) Unfair Competition, (*id.* ¶¶ 57–59); and (7) Declaratory Judgment, (*id.* ¶¶ 60–64), respectively.

On November 25, 2022, LLP filed its Special Motion to Strike. (ECF No. 16). The motion raises several arguments for why the FAC should be struck or, in the alternative, dismissed, including that the Court lacks personal and subject matter jurisdiction over

Plaintiff's claims, *see* (*id.* at 13 –15); Plaintiff's complaint is barred under the litigation privilege, (*id.* at 15–16); "each of [Plaintiff's] causes of action arise from or are retaliatory against [LLP's] attorneys' enforcement of the injunction granted in the India Action," *see* (*id.* at 11–13); and the FAC fails to state claims upon which relief can be granted, (*id.* at 16–20).

On November 28, 2022, LLC filed its Motion to Dismiss. (ECF No. 18). The Motion to Dismiss also challenges the FAC on subject matter and personal jurisdiction grounds, (*id.* at 11–16), and additionally argues that Plaintiff fails to plead any valid claim against LLC for multiple reasons, including that Plaintiff makes "no attempt to distinguish between" LLC and LLP in the FAC. (*Id.* at 16–17). The Motion to Dismiss also argues that Plaintiff's trademark infringement claim is defective because none of the alleged trademarks have been issued by the United States Patent and Trademark Office ("USPTO"), and neither the alleged facts nor Exhibit A demonstrate that LLC used Plaintiff's marks in an infringing manner. *See* (*id.* at 17 –18). On November 28, 2022, LLC also filed its Special Motion to Strike. (ECF No. 19). LLC's Special Motion to Strike is identical to LLP's Special Motion to Strike. *Compare* (*id.*), *with* (ECF No. 16).

On January 11, 2023, Plaintiff voluntarily dismissed its second through fifth claims without prejudice, (ECF No. 23) and filed its opposition to each of the Defendants' respective motions. (ECF No. 24).

On January 18, 2023, LLC filed a reply to Plaintiff's opposition on the Motion to Dismiss. (ECF No. 25). That same day, LLP filed a reply to Plaintiff's opposition on its Special Motion to Strike. (ECF No. 26). Thereafter, LLC indicated that it was joining LLP on its reply to the LLP's Special Motion to Strike. (ECF No. 27).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing subject matter jurisdiction. *See Ass'n of Am. Med. Colls. v. United States*, 217

F.3d 770, 778–79 (9th Cir. 2000) (citation omitted); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994). Generally, federal district courts have subject matter jurisdiction over civil cases through federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986). Diversity jurisdiction exists in federal court if the controversy is between "citizens of different States" and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332; *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

A defendant mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual." (citation omitted)). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of allegations that, by themselves, would otherwise invoke federal jurisdiction. *See CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1089 (C.D. Cal. 2015) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)).

**B. Federal Rule of Civil Procedure 12(b)(2)**

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts may be established via general jurisdiction or specific jurisdiction. General jurisdiction exists

where the defendant's contacts with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 316)). Specific jurisdiction exists when the plaintiff's claims or causes of action "arise out of or relate to" the defendant's contacts with the forum state. *See Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

Where a defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger*, 374 F.3d. at 800 (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). A plaintiff need only make a prima facie showing of facts supporting jurisdiction to survive the motion if the motion is based on written materials rather than an evidentiary hearing. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)).

In determining whether jurisdiction is appropriate, the court is permitted to consider evidence introduced by declaration or affidavit and it may order jurisdictional discovery, if necessary. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). The court must take uncontroverted allegations in the complaint as true, *see CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citation omitted), and must resolve conflicts between parties over statements contained in affidavits in the plaintiff's favor. *Schwarzenegger*, 374 F.3d at 800 (citations omitted).

**C. Federal Rule of Civil Procedure 12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal is proper "when the complaint either (1) lacks a

cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citation omitted). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *Ashcroft*, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) (citation omitted).

## III. DISCUSSION

Both LLP's and LLC's Special Motions to Strike and LLC's Motion to Dismiss challenge the FAC on subject matter jurisdiction and personal jurisdiction grounds, as well as challenge the sufficiency of Plaintiff's claims. Regarding their jurisdictional challenge, Defendants argue that the Court lacks subject matter jurisdiction because the FAC fails to allege that the amount in controversy exceeds $75,000, exclusive of interest and costs, to establish diversity jurisdiction and fails to present a sufficient federal question for federal question jurisdiction. (ECF Nos. 16 at 13–14; 18 at 11–14; 19 at 14–16). Defendants also argue that the Court lacks personal jurisdiction over them because the FAC fails to show

the requisite contacts with the forum. (ECF Nos. 16 at 14–15; 18 at 14–16; 19 at 16–18). As discussed below, the Court agrees with each of Defendants' jurisdictional arguments.

### A. Subject Matter Jurisdiction

A federal court has federal question jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Thompson*, 478 U.S. at 807. Thus, an action "arises under" federal law pursuant to 28 U.S.C. § 1331 if the cause of action is created by federal law or necessarily requires resolution of a substantial question of federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). To determine whether a cause of action is created by federal law, courts typically apply the "well-pleaded complaint" rule. *See Rainero v. Archon Corp.*, 844 F.3d 832, 836–37 (9th Cir. 2016) (citation omitted). The rule establishes that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Id.*

Here, for several reasons, the FAC's factual allegations do not sufficiently present a federal question conferring federal subject matter jurisdiction. First, the FAC does not cite 28 U.S.C. § 1331 (federal question) as a basis for jurisdiction.[2] *See* (FAC). Instead, the FAC cites to 28 U.S.C. § 1332 (diversity jurisdiction), § 1367 (supplemental jurisdiction), and §§ 2201 through 2202 (declaratory relief) to invoke the Court's subject matter jurisdiction.[3] (FAC ¶ 1). Second, of the claims contained in the FAC, the only claim

---

[2] Although the FAC's failure to cite to § 1331 as a basis for subject matter jurisdiction ordinarily would not alone require the Court to find a federal question is lacking, as will be discussed the FAC also fails to allege sufficient facts from which the Court can determine a federal question exists that gives rise to federal subject matter jurisdiction.

[3] Although the FAC seeks declaratory relief under the Declaratory Judgment Act, a federal law, *see* 28 U.S.C. §§ 2201–2202, this Act only creates a remedy for litigants; it is not an independent cause of action. *City of Richmond v. Trump*, Case No. 17-cv-01535-WHO, 2017 WL 3605216, at *5 (N.D. Cal. Aug. 21, 2017) (citing *Muhammad v. Berreth*, No. C 12-02407 CRB, 2012 WL 4838427, at *5 (N.D. Cal. Oct. 10, 2012)). Thus, the Declaratory Judgment Act "does not itself confer federal subject-matter jurisdiction." *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 753 (9th Cir. 1996) (citing *Staacke v. United*

capable of invoking federal question jurisdiction is Plaintiff's claim for trademark infringement. *See* (FAC ¶¶ 13–24). The FAC, however fails to explain whether that claim is brought pursuant to the Lanham Act or state trademark law. *See* (*id.*). Although the FAC references several federal trademark applications that are currently pending before the USPTO, *see* (*id.* 15), the FAC's allegations suggest that these are not the only trademarks Plaintiff owns, and the FAC does not state whether these pending applications are the bases for Plaintiff's claim. *See* (*id.*). In response, Plaintiff's opposition does not point to any factual allegations in support of the Court's exercise of federal question jurisdiction. Instead, Plaintiff requests leave to amend "so that it may specify more clearly these statutory bases for federal question subject matter jurisdiction." (Opp. at 4). Accordingly, as currently pleaded, the FAC fails to invoke the Court's subject matter jurisdiction based on either federal question or diversity jurisdiction.

**B. Personal Jurisdiction**

Regarding personal jurisdiction, Defendants argue that the FAC fails to sufficiently describe what purportedly unlawful acts and/or activities either Defendant performed in this jurisdiction that would cause them to be subject to personal jurisdiction in California. *See* (ECF Nos. 16 at 14–15; 18 at 14–16; 19 at 16–18). The Court agrees.

As previously discussed, to be subject to personal jurisdiction, a defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316 (internal quotation marks omitted). Personal jurisdiction may be either general or specific. *See Hall*, 466 U.S. at 414 nn. 8–9. "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" *Panavision Int'l, L.P. v. Toppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting *Helicopteros*, 466 U.S. at 414–16), *modified*, *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006). Specific jurisdiction is

---

*States Sec'y of Lab.*, 841 F.2d 278, 280 (9th Cir. 1988)). There must be an alternative and independent basis. *Id.*

found where the claim for relief arises directly from a defendant's contacts with the forum state. *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 413 (9th Cir. 1977)). Plaintiff does not contend that the Court may exercise general jurisdiction over Defendants. *See* (Opp. at 5–6). Accordingly, the Court only assesses whether specific jurisdiction exists.

For a court to exercise specific jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; *or* perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citations omitted). The plaintiff bears the burden of satisfying the first two prongs of this test. *Schwarzenegger*, 374 F.3d at 802 (citing *Sher*, 911 F.2d at 1361). If they are satisfied, the burden then shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Dole*, 303 F.3d at 1114.

To satisfy the first prong for specific jurisdiction in trademark infringement actions, the Ninth Circuit requires a plaintiff to allege facts demonstrating purposeful direction instead of purposeful availment. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) ("[Plaintiff] alleges copyright and trademark infringement claims, which sound in tort, so we apply the 'purposeful direction' analysis and ask whether [defendant] has purposefully directed activities at the United States." (citation omitted)). Purposeful direction is analyzed under the *Calder* "effects" test, which requires allegation of facts demonstrating the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix Photo, Inc.*, 647 F.3d at 1228 (citation omitted). "Failing to

sufficiently plead any one of these three elements is fatal to Plaintiff's attempt to show personal jurisdiction." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1163 (N.D. Cal. 2014) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 – 29 (9th Cir. 2010)).

1. Intentional Act

Under the *Calder* Test, an "intentional act" is "an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." *Wash Shoe Co. v. A-Z Sporting Goods*, 704 F.3d 668, 674 (9th Cir. 2012). Ninth Circuit case law demonstrates that the "threshold of what constitutes an intentional act is relatively low," including "engaging in sales transactions outside the forum state, *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1111 (9th Cir.2004); advertising a product outside the forum, *Schwarzenegger*, 374 F.3d at 806; or selling an allegedly infringing product outside the forum, *Washington Shoe Co.*, 704 F.3d at 674." *AirWair Int'l Ltd.*, 73 F. Supp. 3d at 1233.

Here, the FAC broadly alleges that both Defendants "used identical and/or confusingly similar marks for their business, products and services, including but not limited to Defendants using these trademarks (or portions thereof) to direct consumers from Plaintiff as an intended search result," and sold these allegedly infringing products "in the same narrow markets and marketing channels as those of Plaintiff." (FAC ¶¶ 8, 17–18). Despite their lack of factual specificity, the Court finds these allegations sufficient to satisfy the first *Calder* requirement. *See, e.g.*, *Adobe Sys. v. Blue Source Grp. Inc.*, 125 F. Supp. 3d 945 (N.D. Cal. Aug. 31, 2014) (finding the "intentional act" prong met because the defendant "engaged in the sale and distribution of products that infringed Adobe's trademarks . . .").

2. Expressly Aimed at the Forum State

Under the second prong, a court considers whether the relationship between the defendant, the forum, and the litigation arose out of contacts the defendant deliberately created with the forum, and whether the defendant's contacts were with the forum rather than merely with persons residing in the forum. *See Morrill v. Scott Fin. Corp.*, 873 F.3d

1136, 1143 (9th Cir. 2017) (citing *Walden v. Fiore*, 571 U.S. 277, 291 (2014)). These contacts do not need to be tortious or a violation of contract law. *See Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 603–06 (9th Cir. 2018). However, "a defendant's relationship with a third party, standing alone," is insufficient to establish specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017) (hereinafter, "*BMS*") (internal quotations omitted). In *BMS*, the Supreme Court explained that there must be "a connection between the forum and the specific claims at issue" to merit the exercise of specific jurisdiction. *BMS*, 137 S. Ct. at 1781. In particular, "the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Id.* at 1780 (internal quotations and citations omitted).

*i. The Court Lacks Personal Jurisdiction Over LLC*

The FAC alleges that the Court has personal jurisdiction over both Defendants because "they reside and conduct business in California." (FAC ¶ 2). Attached as Exhibit B to the declaration of Plaintiff's counsel, filed in opposition to Defendants' Motions, are multiple articles upon which Plaintiff relies to suggest that LLC is based in California. *See* (ECF Nos. 24-1 ¶ 8, Ex. B; 24-3). However, the FAC simultaneously alleges that neither Defendant is incorporated in California or has its principal place of business in California. (FAC ¶¶ 5-6). These contradictory allegations are problematic because, although a court "must generally accept allegations in a complaint as true at the motion to dismiss stage, the Court need not accept inconsistent allegations in a complaint as true." *Sacco v. Mouseflow, Inc.*, No. 2:20-cv-02330-TLN-KJN, 2022 WL 4663361, at *2 (E.D. Cal. Sept. 30, 2022) (citing *Jones v. Pollard*, No. 21-CV-162-MMA (RBM), 2022 WL 706926, at *5 (S.D. Cal. Mar. 9, 2022)).

Additionally, Plaintiff's remaining allegations do not demonstrate that the Court should exercise personal jurisdiction over LLC. In a declaration filed with Plaintiff's opposition, Plaintiff's counsel states that the relevant website, appypie.com, includes a "California Consumer Privacy Statement," which applies only to California consumers.

(ECF No. 24-1 ¶ 8, Ex. C; 24-4). The declaration also states that this website "provides not only pricing information and customer support, but a visitor is able to commence a new customer relationship directly and immediately, via the website itself." (*Id.* ¶ 9). However, the declaration fails to clarify the relationship between LLP and LLC and states that LLP, not LLC, owns the website. As to LLC's role, counsel's declaration confusingly asserts that "*Defendants'* website appypie.com . . . utilizes co-Defendant [LLC] as its 'payment gateway' for customers to use, including customers in California." (*Id.* ¶ 8 (emphasis added)). Neither the FAC nor Plaintiff counsel's declaration set forth facts demonstrating that LLC has nay ownership interest in appyie.com.

On the other hand, LLC has filed its own declaration, the declaration of Abhinav Girdhar, sole member and owner of LLC, which contrarily states that LLC has no contacts with California. *See* (ECF No. 18-1 ¶ 1). Girdhar specifically declares that LLC has no employees or offices in California and that Girdhar has "never been to California for any business trips whatsoever." (*Id.* ¶¶ 3–4). Girdhar goes on to explain that LLC "was formed to act as a Third Party Payment Processor for [LLP], the entity located in India that owns and runs the website at 'appypie.com.' [LLC] simply facilities commercial transactions between customers located in the United States and [LLP]. [Thus], [t]here is no affiliation between [LLP] and [LLC]." (*Id.* ¶ 5). Girdhar also quotes from appypie.com's Terms of Service, which states, "Despite any similarity in name, there is no affiliation between the Third-Party Payment Processor and [LLP], and the Third-Party Payment Processor is not a party to this Agreement." (*Id.* ¶ 6).

In sum, Plaintiff's internally contradictory and defective allegations, when compared to the specific denial of LLC stating that it has no contacts with California, fail to demonstrate that LLC has conducted any relevant business activities that are expressly aimed at California. Neither the FAC nor the declaration of Plaintiff's counsel offers uncontradicted and specific facts demonstrating that LLC acts as anything other than a payment gateway for appypie.com. Further, neither filing sets forth sufficient facts

showing that LLC has any contacts with California. Without more, the FAC fails to demonstrate this Court has personal jurisdiction over LLC.

Notwithstanding, Plaintiff states, "[i]f there is any question that this Court may exercise specific personal jurisdiction over both Defendants in California, then jurisdictional discovery is warranted to assess the full extent of Defendants' other California customers." (Opp. at 6). However, given the bare allegations of the FAC, the Court is not inclined to grant Plaintiff's request. It is true that "[d]iscovery is available in federal court to establish the presence of personal jurisdiction in that court." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001) (citations omitted). Jurisdictional discovery is particularly appropriate when "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc.*, 557 F. 2d at 1285 n.1). However, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . . ." *Pebble Beach Co.*, 453 F.3d at 1160 (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)) (internal quotations omitted).

Here, the Court finds that neither the FAC nor the aforementioned declaration provides sufficient facts regarding LLC's contacts with California. At the same time, LLC has provided a declaration specifically disputing Plaintiff's allegations on the issue of jurisdiction. For these reasons, the Court rejects Plaintiff's request for jurisdictional discovery as to LLC. *See Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir.1986) (holding the district court did not abuse its discretion when it denied jurisdictional discovery because the plaintiffs "state[d] only that they 'believe[d]' discovery [would] enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction").

*ii. The Court Lacks Personal Jurisdiction Over LLP*

As to LLP, and as previously discussed, the declaration of Plaintiff's counsel states that LLP owns the relevant website, appypie.com, and this website includes a "California Consumer Privacy Statement" which applies only to California consumers. (ECF Nos. 24-1 ¶ 8; 24-4). Plaintiff's counsel also declares that this website "provides not only pricing information and customer support, but a visitor is able to commence a new customer relationship directly and immediately, via the website itself." (ECF No. 24-1 ¶ 9). However, neither the FAC nor Plaintiff's counsel's declaration provides sufficient factual allegations demonstrating that LLP has ever conducted business in California.[4]

"In the internet context, the Ninth Circuit utilizes a sliding scale analysis under which 'passive' websites do not create sufficient contacts to establish purposeful availment, whereas interactive websites may create sufficient contacts, depending on how interactive the website is." *Jeske v. Fenmore*, No. SACV 08-01015 DOC (MLGx), 2008 WL 5101808, *4 (C.D. Cal. Dec. 1, 2008) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1018 (9th Cir.2008)); *see also Am. Auto. Ass'n, Inc. v. Darba Enterprises Inc.*, No. C 09-00510 SI, 2009 WL 1066506, *4 (N.D. Cal. Apr. 21, 2009) ("[I]n the context of the

---

[4] Plaintiff's counsel declares that, "[b]ased on their website alone, Defendants' many customers in California include Accenture, Deloitte, Autodesk and others in the region including Nike (Oregon), Mr. Olympia (Arizona), Southwest (Texas), Marathon (Texas), Weather Tracker (Texas), Pinnacle Entertainment (Nevada), and Political Meetings (Colorado)." (ECF No. 24-1 ¶ 8). For this proposition, Plaintiff's counsel relies on Exhibit B attached to his declaration, which Plaintiff describes in his declaration as copies of web pages from appypie.com. (*Id.*). However, Exhibit B does not contain the information Plaintiff describes. Instead, Exhibit B includes two different articles: (1) an article from PRNewswire.com, explaining that "Appy Pie," a "leading free App Builder from California," was going to become available to India users, *see* (ECF No. 24-3 at 3); and (2) an article from *The Economic Times*, explaining the same thing, *see* (*id.* at 5). For reasons discussed above, the statements from these articles – namely, that "Appy Pie" is based in California – directly contradict the allegations in the FAC. Thus, the Court is not obligated to assume the truth of any information contained in these articles.

internet, courts use a sliding scale approach to assess purposeful availment"). The court in *American Auto Association* summarized this approach as follows:

> At one end of the scale are "passive" websites which merely display information, such as an advertisement. *See* [*Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999)]. Personal jurisdiction is "not appropriate when a website is merely . . . passive." *Id.* At the other end of the scale are "interactive" websites which function for commercial purposes and where users exchange information. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). Personal jurisdiction is appropriate "when an entity is conducting business over the internet." *Stomp, Inc.*, 61 F. Supp. 2d at 1078. Where a website is somewhere between the two extremes, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet." *Cybersell*, 130 F.3d at 419 (quoting *Zippo Mfg.*, 952 F. Supp. at 1124).

*Am. Auto Ass'n, Inc.*, 2009 WL 1066506 at *4.

Based on Plaintiff counsel's declaration stating that appie.com provides "not only pricing information and customer support, but a visitor is able to commence a new customer relationship directly and immediately, via the website itself," (ECF No. 24-1 ¶ 9), this Court assumes for purposes of the motions and determining personal jurisdiction that appypie.com is more than a passive website. Nonetheless, other than this allegation, the FAC and the declaration of Plaintiff's counsel do not provide any other details about the website's functionality. More importantly, "Plaintiff does not allege any volume of sales in California, any activity targeting the website to California, or any other facts supporting that LLP 'purposefully (albeit electronically) directed [its] activity in a substantial way to the forum state.'" *Mencanin v. Fat Head's Bales to Hoppy Ales, LLC*, SACV 14-1718 AG (RNBx), 2015 U.S. Dist. LEXIS 186662, at *4 (C.D. Cal. Mar. 16, 2015) (quoting *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997)).

It is true that appypie.com does include a California-focused privacy policy, (ECF Nos. 24-1 ¶ 8; 24-4), and that this is relevant to determining whether personal jurisdiction

exists in the forum. *See, e.g.*, *Wargaming.Net Lmtd. v. Blitzteam LLC*, Case No.: CV 20-02763-CJC(MRWx), 2021 WL 3619956, at *3 (C.D. Cal. Jan. 20, 2021) (finding expressly aimed conduct by video game developer-defendant partially because "Defendant's terms of service are the same for all customers except for United States residents."). However, the Court is unaware of any binding authority stating that having such a policy is sufficient to show purposeful direction. In fact, multiple courts have found that a California-specific privacy policy is not, alone, sufficient to find personal jurisdiction. *See Handsome Music, LLC v. Etoro* USA LLC, LACV 20-08059-VAP (JCx), 2020 U.S. Dist. LEXIS 238942, at *26–27 (C.D. Cal. Dec. 17, 2020) ("The Court is not persuaded Defendant's California-specific privacy notice alone demonstrates express aiming at California." (citation omitted)); *Voodoo SAS v. SayGames LLC*, Case No. 19-cv-07480-BLF, 2020 WL 3791657, at * (N.D. Cal. July 7, 2020) (same); *cf. Quigly v. Guvera IP Pty Ltd.*, No. C 10-03569 CRB, 2010 WL 5300867, at *4 (N.D. Cal. Dec. 20, 2010) (finding personal jurisdiction where, in addition to having a California-specific privacy policy, defendant's website also required customers disclose their personal information before utilizing defendant's services). Moreover, neither the FAC nor Plaintiff's opposition materials demonstrate that any California customers ever acquiesced to this policy. Thus, because Plaintiff has not shown LLP has the requisite minimum contacts with California, the Court finds it lacks personal jurisdiction over LLP.[5]

Plaintiff also requests jurisdictional discovery concerning LLP's potential contacts with California. *See* (Opp. at 6). Here, unlike Plaintiff's deficient showing for such discovery from LLC, Plaintiff has presented evidence suggesting that LLP has potentially directed business activities into the forum – namely, LLP's use of a California Consumer Privacy Statement. *See* (ECF No. 24-1 8, Ex. C; 24-4). Although LLP has submitted the declaration of Abhinav Girdhar in support of its Special Motion to Strike, attached to its reply, (ECF No. 26-1), Girdhar does not explain why this privacy policy is found on appypie.com, and he does not refute that LLP has California customers. *See* (*id.*). Thus,

[5] Based on this finding, the Court need not address the third prong of the *Calder* test.

because jurisdictional discovery could shed light on "pertinent facts bearing on the question of jurisdiction," and because Plaintiff's theory of jurisdiction as to LLP is not as attenuated as its theory for LLC, the Court grants Plaintiff's request for jurisdictional discovery as to LLP. *See Boschetto*, 539 F.3d at 1020 ("Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." (citation omitted)).

However, because the Court has determined that amendment under the circumstances would not be futile as to both LLP and LLC, *see Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegations of other facts."), and is therefore granting leave to amend, the Court will briefly address the sufficiency of Plaintiff's allegations.

**C. Sufficiency of the FAC**

Both LLC's Motion to Dismiss and LLP's Special Motion to Strike challenge the sufficiency of Plaintiff's allegations and, as discussed below, the FAC's remaining first, sixth, and seventh claims for trademark infringement, unfair competition and declaratory judgment, respectively, as currently pleaded, do not survive either motion.

In particular, the FAC appears to base its trademark infringement claim on the following trademark applications: BUILDER (U.S. Trademark Application Ser. Nos. 97303793 and 97339130), BUILDER.AI (U.S. Trademark Application Ser. Nos. 97303814 and 97339051), BUILDER CLOUD (U.S. Trademark Application Ser. No. 97339088), BUILDER NOW (U.S. Trademark Application Ser. No. 97339103), and BUILDER STUDIO STORE (U.S. Trademark Application Ser. No. 97343132). (FAC ¶ 15). Per the FAC's terms, these applications remain unregistered by the USPTO. However, their lack of registration is not dispositive because "an unregistered trademark can [still] be enforced against would-be infringers in several ways," including through an infringement cause of action. *See Matal v. Tam*, 582 U.S. 218, 225 (2017) ("Most important, even if a trademark is not federally registered, it may still be enforced under

43(a) of the Lanham Act, which creates a federal cause of action for trademark infringement." (citation omitted)); *see also Pet Connect Rescue, Inc. v. Salinas*, Case No.: 20-CV-00527-RSH-DEB, 2023 WL 2026546, at *16 (S.D. Cal. Feb. 15, 2023) ("The Ninth Circuit has held that plaintiffs may pursue an infringement action for unregistered marks under section 43(a) of the Lanham Act." (listing cases)).

To state a claim for trademark infringement based on an unregistered trademark, a plaintiff must prove the same elements as required for a registered mark: (a) the plaintiff owns a "valid and protectable" trademark; and (2) the defendant "used a similar mark likely to cause consumer confusion, deception, or mistake." *PetConnect Rescue, Inc.*, 2023 WL 2026546, at *16 (internal quotations and citations omitted). When a plaintiff does not have a registered mark, a plaintiff can establish ownership of a valid and protectable trademark in one of two ways, namely, by either: (1) showing that it has a descriptive mark that has acquired secondary meaning in the market; or (2) showing that it has a suggestive mark, which is inherently distinctive and protectable. *Applied Info. Sci. Corp. v. eBAY, Inc.*, 511 F.3d 966, 969–70 (9th Cir. 2007).

Here, the FAC does not allege facts plausibly demonstrating that Plaintiff has a valid and protectable trademark. Although the FAC asserts that, "[b]ecause of the popularity and success of Plaintiff's products and services, Plaintiff's trademarks have become distinctive," (FAC ¶ 16), the FAC fails to allege any facts explaining or even suggesting what these "products and services" are. Even on a motion to dismiss, a court is not obligated to accept as true legal conclusions which are unsupported by factual allegations. *Iqbal*, 129 S. Ct. at 1949–50. This ambiguity is particularly problematic where, as here, Plaintiff seeks to enforce against Defendants seemingly common words (*e.g.*, "builder," "cloud," "now," "studio").

The FAC also lacks sufficient allegations demonstrating how either LLP or LLC infringed Plaintiff's alleged trademarks. Instead, the FAC simply recites the required elements for proving trademark infringement, *see* (FAC ¶¶ 13–24), and attaches as Exhibit A various web page screenshots of Defendants' supposedly infringing use without

explaining what these screenshots show. *See* (FAC ¶ 19; ECF No. 9-1). This is not sufficient. "Neither a court nor defendant should have to guess what is being alleged against whom in a complaint, or expend time 'preparing the short and plain statement which Rule 8 obligates plaintiff[] to submit,' or to prepare lengthy outlines 'to determine what is being sued for what.'" *Depaepe v. White*, CIV NO. 20-00198 JAO-WRP, 2020 WL 3472907, at *4 (D. Haw. June 24, 2020) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996)). Therefore, Plaintiff's trademark infringement claim does not survive LLC's Motion to Dismiss or LLP's Special Motion to Strike.

Moreover, the FAC bases its unfair competition and declaratory judgment claims on the validity of its trademark infringement claim. *See* (*id.* ¶¶ 57–64). Thus, because Plaintiff's trademark infringement claim is substantively defective, so too are these claims. Nevertheless, because the Court does not conclude at this stage that it is impossible for Plaintiff to state a viable claim against Defendants for any of these claims, each claim is dismissed without prejudice. *See Doe*, 58 F.3d at 497.[6]

---

[6] As previously discussed, Defendants also move to strike Plaintiff's claims under California's anti-Strategic Lawsuit Against Public Participation ("SLAPP") statute. A SLAPP suit is considered to be a meritless suit that seeks to use "costly, time-consuming litigation" to chill a person's constitutionally protected right to free speech. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001). California's anti-SLAPP statute gives defendants a means by which to dismiss such suits early in the litigation process and thereby counteract their chilling effect. *See* Cal. Civ. Proc. Code § 425.16(b)(1). To do so, California's anti-SLAPP statute specifically authorizes a special motion to strike claims arising out of a defendant's protected activities. A defendant who prevails on an anti-SLAPP motion is entitled to recover attorney's fees and costs. Cal. Civ. Proc. Code § 425.16(c)(1).

That the Court lacks subject matter jurisdiction over this action does not prevent it from awarding attorney's fees under California's anti-SLAPP statute. In *Barry v. State Bar of California*, the California Supreme Court held that a trial court may issue an order on an anti-SLAPP motion where the court has concluded that it lacks subject matter jurisdiction. *See* 2 Cal. 5th 318, 325–26 (2017) ("Lack of subject matter jurisdiction is no bar to determining that a plaintiff has failed to stablish a probability of prevailing on [its] claim [in the context of an ant-SLAPP motion] because of lack of subject matter

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1) LLC's Motion to Dismiss is GRANTED;

(2) LLP's Special Motion to Strike and LLC's Special Motion to Strike, insofar as they challenge the Court's subject matter jurisdiction, personal jurisdiction, and the sufficiency of Plaintiff's first, sixth, and seventh claims for trademark infringement, unfair competition, and declaratory judgment, respectively, are GRANTED;

(3) LLP's Special Motion to Strike and LLC's Special Motion to Strike are DENIED WITHOUT PREJUDICE, insofar as they seek to strike Plaintiff's claims under California's Anti-Slapp statute;

(4) Plaintiff's first, sixth, and seventh claims are dismissed WITHOUT PREJUDICE;

(5) Plaintiff's request for jurisdictional discovery as to LLP's contacts with California is GRANTED. Plaintiff may conduct such discovery up to 90 calendar days from the issuance of this Order;

(6) Plaintiff's request for jurisdictional discovery as to LLC is DENIED; and

//

//

//

//

//

---

jurisdiction."). However, the Court has not found binding authority suggesting that this holding extends to cases where the Court also lacks personal jurisdiction, and neither party has briefed the issue. Because the Court has dismissed Plaintiff's FAC on jurisdictional grounds with leave to amend and has given Plaintiff the opportunity to seek jurisdictional discovery in the interim related to LLP, the Court concludes that evaluating Defendants' motions to strike at this time would be premature and declines to do so. This conclusion, however, is without prejudice to either Defendant re-filing their motions in the future for the Court's consideration.

(7) Plaintiff's second amended complaint, if any, may be filed no later than 90 calendar days from the date of this Order.

**IT IS SO ORDERED.**

Dated: June 13, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE